

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2009

# In Re: Yaw Amponsah

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4631

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Yaw Amponsah " (2009). *2009 Decisions.* Paper 1719.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1719

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4631
_____

IN RE: YAW AMPONSAH,
                                                      Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 08-00114)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 31, 2008
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed: March 19, 2009)
_____

OPINION
_____

PER CURIAM.

        Petitioner Yaw Amponsah, a federal prisoner proceeding pro se, filed this

mandamus petition pursuant to 28 U.S.C. § 1651, seeking an order directing the U.S.

District Court for District of New Jersey to rule on his motion to vacate, set aside or

correct his sentence under 28 U.S.C. § 2255.  For the foregoing reasons, we will deny the

petition.

Amponsah filed a motion under § 2255 on January 9, 2008, in the District of New Jersey. On July 3, 2008, counsel for the government entered an appearance and filed an answer. On July 10, 2008, Amponsah filed a mandamus petition, which we denied. On November 17, 2008, Amponsah filed this mandamus petition.

Amponsah asserts that he has experienced an "extraordinary delay" in the adjudication of his motion. The remedy of mandamus is reserved for the most "extraordinary situations." DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953) (quoting United States v. Duell, 172 U.S. 576, 582 (1899))).

As we have previously held, district courts are given discretion over management of their dockets. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." Allied Chem. Corp., 449 U.S. at 35-36. Nonetheless, mandamus may be warranted where a district court's delay is tantamount to a failure to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). This case does not meet that standard. Amponsah's motion was filed on January 9, 2008. The government filed an answer on July 3, 2008. The matter has been ripe for consideration for five months. We have previously held that a delay of four months does not warrant

2

mandamus relief.  Id.  A delay of one month more does not amount to a failure to exercise jurisdiction.

Next, Amponsah asserts that the length of his incarceration exceeds the term that the District Court would have imposed absent allegedly ineffective assistance by his attorney.  However, Amponsah's belief that he has been prejudiced by his attorney's allegedly ineffective assistance does not establish his entitlement to mandamus relief.

Finally, Amponsah contends that, once a trial judge has issued a writ of habeas corpus, she has "ministerial duty" to conduct a hearing, and that such a hearing may be compelled via mandamus proceedings.  As the District Court has not issued a writ of habeas corpus in this case, Amponsah's argument is inapposite.

Accordingly, we will deny Amponsah's mandamus petition.